UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ROOF-A-CIDE U.S., INC., a Florida
corporation, and FRANK MIELE,

    Plaintiffs,

v.                                                                                                  CASE NO.

BARBARA MICALI a/k/a BARBARA
GREEN, JOSEPH MICALI, and RET
ASSOCIATES, INC., a Florida
corporation a/k/a RET INC. and
d/b/a ROOF AIDE,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF and DECLARATORY RELIEF**

    Plaintiffs ROOF-A-CIDE U.S., INC., a Florida corporation, and FRANK MIELE (hereinafter MIELE) sue Defendants BARBARA MICALI a/k/a BARBARA GREEN, JOSEPH MICALI, and RET ASSOCIATES, INC. a/k/a RET INC. and a/k/a ROOF AIDE, a Florida corporation, and allege:

**JURISDICTION AND VENUE**

    1.    This is an action for breach of contract and for breach of the implied covenant of good faith and fair dealing in the performance of the contract; for injunction of, and damages for, the infringement of trademark, under the Lanham Act, 15 U.S.C. § 1114; for injunction of, and damages for, violations of the Florida Deceptive and Unfair Trade Practices Act; and for declaratory relief pursuant to Title 28 of the United States Code, § 2201 et seq., thereby conferring jurisdiction on this honorable Court pursuant to 28 U.S.C. § 1331.

2. Plaintiff ROOF-A-CIDE U.S., INC. is a Florida corporation that does substantial business in Broward County, Florida.

3. Plaintiff MIELE is a resident of Broward County, Florida.

4. Defendant BARBARA MICALI is a resident of Palm Beach County, Florida.

5. Defendant BARBARA MICALI is also known as BARBARA GREEN.

6. Defendant JOSEPH MICALI is a resident of Palm Beach County, Florida.

7. Defendant RET ASSOCIATES, INC. is a Florida corporation.

8. Defendant RET ASSOCIATES, INC. is also known as RET INC.

9. Defendant RET ASSOCIATES, INC. does business as ROOF AIDE.

10. The Settlement Agreement giving rise to the instant controversy was entered into in Broward County, Florida, and was in settlement of a civil action in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida, and of certain trademark-opposition actions in the U.S. Patent and Trademark Office.  Said Settlement Agreement is attached hereto as Exhibit 1.

11. All conditions precedent to the bringing of the instant action have occurred or have been performed, excused or waived.

**The ROOF-A-CIDE® TRADEMARK and SERVICE MARK**

12. Plaintiff FRANK MIELE is the owner of the following trademark and service mark registration with the U.S. Patent and Trademark Office:  ROOF-A-CIDE®, USPTO serial no. 78140632, registration no. 3122536.  This registration is valid and subsisting, and is uncanceled

and unrevoked. The required affidavits of use have been filed pursuant to 15 U.S.C. §§ 1058a and 1065 and this registration has become incontestable pursuant to 15 U.S.C. § 1065.

13. Plaintiff ROOF-A-CIDE U.S., INC. is the sole licensee of the ROOF-A-CIDE® trademark and is the owner of the goodwill of the business appertaining to it: manufacturing and providing Roof-A-Cide® as the only roof cleaning and stain prevention product that is EPA approved and approved by most major roof manufacturers to actually prevent unsightly roof stains for years with each treatment, effective on asphalt shingles, concrete tiles, clay tiles, stone-coated metal, and slate.

14. The mark is used extensively in domestic (Florida) and interstate commerce in conjunction with the product described in the foregoing paragraph, and has been so used both as a service mark and a trademark continuously since 2003.

## CLAIMS FOR ATTORNEY'S FEES

### *Contractual*

15. In pertinent part, Paragraph 7d of the subject Settlement Agreement (Exhibit 1 hereto) provides:

> In the event of any litigation or dispute under this Agreement, the prevailing Party or Parties, . . . shall be entitled to an award of its costs and reasonable attorneys' fees incurred in connection with such litigation or dispute at all levels of such proceedings from the non-prevailing Party or Parties, as the case may be.

### *Statutory – Lanham Act*

16. As the circumstances of the instant action are exceptional, given the actual knowledge and intentions of the Defendants to violate rights of Plaintiff MIELE, as a registrant of

a mark registered in the U.S. Patent and Trademark Office, and under 15 U.S.C. § 1125(a), Plaintiff MIELE claims a reasonable attorney fee pursuant to 15 U.S.C. § 1117(a).

*Statutory – Fla. Deceptive and Unfair Trade Practices Act*

17. Plaintiffs claim an award of reasonable attorney's fees pursuant to Fla. Stat. § 501.2105.

### COUNT I:  BREACH OF SETTLEMENT AGREEMENT and of the IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

18. Plaintiffs repeat and reallege paragraphs 1 through 11, and 15 hereinabove as though fully set forth herein.

19. On or about April 24, 2006, Plaintiff MIELE and Defendants BARBARA MICALI and JOSEPH MICALI, *inter alia*, entered into a contract fully and finally settling the actions known as *Miele v. CGS & Assoc., Inc.*, case no. CACE 02-15952 in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida; and Action in Opposition no. 91157789 filed in the U.S.P.T.O. Trademark Trial and Appeal Board; *inter alia*. A copy of the subject Settlement Agreement is attached hereto as Exhibit 1.

20. In pertinent part, the subject Settlement Agreement provides:

> WHEREAS, the Parties [inclusive of Plaintiff MIELE, Defendant BARBARA MICALI and Defendant JOSEPH MICALI] are desirous of resolving the Litigation [in Broward Circuit Court] and any and all claims that were or could have been brought in the Litigation by [Plaintiff MIELE], the Application [for federal trademark registration] by Respondents [inclusive of Defendant BARBARA MICALI and Defendant JOSEPH MICALI], the Actions in Opposition to the Respondents in the [U.S.P.T.O.] Trademark Trial and Appeal Board, and the [circuit-court] Counterclaim . . .
> . . .

4

> 1. **Obligation of the Parties**. *In exchange* for . . . the surrender of any claims to the names "Roof-A-Cide" . . . in whole or in part, by Respondents [inclusive of Defendant BARBARA MICALI and Defendant JOSEPH MICALI] in favor of [Plaintiff MIELE], the cessation of any business ventures under the name of "Roof-A-Cide" . . . in whole or in part, by Respondents, and the release and/or withdrawal of any trademark . . . claims, or claims of rights, by the Respondents to the names . . . "Roof-A-Cide" in whole or in part, in favor of [Plaintiff MIELE, ***MIELE***] ***shall pay to the Respondents Ten Thousand . . . Dollars*** . . .

21. The implied duty of good faith and fair dealing imposes on Defendants BARBARA and JOSEPH MICALI a duty to act in a commercially reasonable manner that satisfies the reasonable expectations of the contracting parties in the performance of the obligations to cease business under the name of "Roof-A-Cide" and release any trademark claim.

22. In their control and direction of RET ASSOCIATES, INC., Defendants BARBARA and JOSEPH MICALI use marks and names that are intentionally similar to ROOF-A-CIDE®, thereby breaching the express obligations to cease business under the name of "Roof-A-Cide" and release any trademark claim thereon.

23. A facsimile of the "Roof Aide" name as used and published by Defendants BARBARA and JOSEPH MICALI is attached hereto as Exhibit 2. This image and the words associated therewith are intended by BARBARA and JOSEPH MICALI to confuse the public.

24. The conduct described in the foregoing paragraphs 22 and 23 is furthermore a breach of Defendants BARBARA and JOSEPH MICALI's duty to act in a commercially reasonable manner that satisfies the reasonable expectations of the contracting parties in the performance of their obligations.

25. Plaintiff MIELE has incurred damages as a result of the aforedescribed breaches of Settlement Agreement and of the implied covenant of good faith and fair dealing.

WHEREFORE, Plaintiff MIELE respectfully requests an award of damages against Defendants BARBARA MICALI and JOSEPH MICALI, plus interest, court costs, and attorney's fees according to contract.

### COUNT II: INFRINGEMENT OF REGISTERED TRADEMARK

26. Plaintiffs repeat and reallege paragraphs 1 through 14, 16, 22, and 23 hereinabove as though fully set forth herein.

27. The conduct of Defendants RET ASSOCIATES, INC., BARBARA MICALI and JOSEPH MICALI described hereinabove in paragraphs 22 and 23:

   A. is likely to cause confusion, cause mistake, and deceive as to the affiliation, connection, or association of Defendants with Plaintiffs MIELE and ROOF-A-CIDE U.S., INC., and as to the origin, sponsorship, or approval of their goods, services, or commercial activities by Plaintiffs; and,

   B. in commercial advertising and promotion, misrepresents the nature, characteristics, and qualities of Defendants' goods, services, and commercial activities;

within the meaning of 15 U.S.C. § 1125(a)(1)(A) and (B).

28. Plaintiffs MIELE and ROOF-A-CIDE U.S., INC. believe they are, and are likely to be, damaged by the acts described hereinabove in paragraphs 22, 23 and 27.

WHEREFORE, Plaintiffs MIELE and ROOF-A-CIDE U.S., INC., respectfully request:

temporary and permanent injunctive relief to prevent the violation of the rights of the Plaintiff MIELE, registrant of the ROOF-A-CIDE® mark registered in the Patent and Trademark Office and to prevent further violations under 15 U.S.C. § 1125(a)(1)(A) and (B); and

an award of damages as provided in 15 U.S.C. § 1117(a) to recover (1) defendant's profits, (2) damages sustained by the Plaintiffs, and (3) the costs of the action against Defendants RET ASSOCIATES, INC., BARBARA MICALI and JOSEPH MICALI, plus interest, and attorney's fees pursuant to 15 U.S.C. § 1117(a).

## COUNT III:  VIOLATIONS OF THE
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FDUTPA)

29. Plaintiffs repeat and reallege paragraphs 1 through 14, 17, 22, and 23 hereinabove as though fully set forth herein.

30. The conduct of Defendants RET ASSOCIATES, INC., BARBARA MICALI and JOSEPH MICALI described hereinabove in paragraphs 22 and 23 is deceptive in that it is likely to mislead the public, and constitute an unfair practice, in that it offends established public policy, and is unethical, unscrupulous and substantially injurious to consumers, within the meaning of Fla. Stat. § 501.204.

31. Furthermore, Defendants RET ASSOCIATES, INC., BARBARA MICALI and JOSEPH MICALI have made it a practice to mislead consumers about the quality and content of the substances they sell and apply to consumers' roofs under the name of "Roof Aide," by claiming that the substances are the chemical equivalent of ROOF-A-CIDE®, and falsely claiming that BARBARA MICALI and JOSEPH MICALI were instrumental in the invention and development of ROOF-A-CIDE®.

32. The conduct of Defendants RET ASSOCIATES, INC., BARBARA MICALI and JOSEPH MICALI described hereinabove in paragraph 31 is deceptive in that it is likely to mislead

the public, and constitutes an unfair practice, in that it offends established public policy, and is unethical, unscrupulous and substantially injurious to consumers, within the meaning of Fla. Stat. § 501.204.

33. Said conduct has caused injury and actual damages to Plaintiffs.

WHEREFORE, Plaintiff MIELE respectfully requests an award of damages against Defendants BARBARA MICALI and JOSEPH MICALI, plus interest, court costs, and attorney's fees pursuant to Fla. Stat. § 501.2105.

RESPECTFULLY SUBMITTED.

> James Beagle, P.A.
> Counsel for Plaintiffs ROOF-A-CIDE U.S., INC.
>     and FRANK MIELE
> 12 SE 7th Street, Suite 704
> Fort Lauderdale, Florida 33301
> (954) 563-8588
> Telefax (954) 206-5996
> Email: jb@beagleesq.com
>
> _____
> /S/ James W. Beagle
> Fla. Bar no. 521418