# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made this 24th day of April, 2006, by and between Claimant, FRANK MIELE, individually, on the one hand and Respondents, CGS & ASSOCIATES, INC., a Florida corporation, ROOF-A-CIDE ENVIRO TECHNOLOGIES, INC., a Florida corporation, and BARBARA and JOSEPH MICALI, individually on the other hand. The Claimants and the Respondents are sometimes referred to herein, collectively, as the "Parties" and, each individually, as a "Party"

Failing acceptance by all parties, this Settlement Agreement and the terms and conditions offered and/ or contained herein shall expire on April 6, 2006.

WHEREAS, the Claimant filed an action against Respondent, CGS & Associates, Inc. on or about August 16, 2002 which was amended to incorporate the remaining respondents on or about June 3, 2005 in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. 02-015952 (13) (the "Litigation"); and:

WHEREAS, the Respondents filed a trademark application (the "Application") in the United States Patent and Trademark Office before the Trademark Trial and Appeal Board and:

WHEREAS, the Claimant filed actions in Opposition to the Respondents in the United States Patent and Trademark Office before the Trademark Trial and Appeal Board, Cases No. 91156315 and 91157789 (the "Actions in Opposition").

WHEREAS, the Respondents filed a Counterclaim on or about August 23, 2005 in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case

No. 02-015952 (13) (the "Counterclaim") and:

WHEREAS, the Parties are desirous of resolving the Litigation and any and all claims that were or could have been brought in the Litigation by the Claimants, the Application by Respondents, the Actions in Opposition to the Respondents in the United States Patent and Trademark Office before the Trademark Trial and Appeal Board, and the Counterclaim, thereby avoiding further costs and expenses without the admission of culpability by any of the Respondents or the Claimant; and

WHEREAS, prior to the execution of this Agreement the Parties have had an opportunity to have this Agreement reviewed by counsel and have such counsel explain the Agreement's legal effects and the Parties' respective rights and obligations thereunder; and

WHEREAS, the Parties have executed this Agreement of their own free will and volition, understanding the legal effects of this Agreement and their rights and obligations thereunder; and

NOW, THEREFORE, for and in consideration of the following covenants and agreements, and for good and valuable consideration, the receipt, adequacy and sufficiency of which is hereby acknowledged, the Parties do mutually stipulate, covenant and agree as follows:

1. **Obligation of the Parties**. *In exchange* for the dismissal of the Litigation with prejudice by Claimant pursuant to Paragraph 3 below, the dismissal of the Counterclaim with prejudice by Respondents pursuant to Paragraph 3 below, the withdrawal of the Actions in Opposition by Claimant, the release stipulated in Paragraph 2 below by the parties, the

surrender of any claims to the names "Roof-A Cide" or "Agrisan" in whole or in part, by Respondents in favor of Claimant, the cessation of any business ventures under the name of "Roof-a-Cide" or "Agrisan" in whole or in part, by Respondents, and the release and/ or withdrawal of any trademark or patent claims, or claims of rights, by the Respondents to the names "Agrisan" or "Roof-a-Cide" in whole or in part, in favor of Claimant, ***the Claimant shall pay to the Respondents Ten Thousand and No/Dollars ($10,000.00)*** at the execution of this Agreement, which shall be paid via check within ten (10) days of the Respondents execution of this document and payable to Barbara and Joseph Micali and their attorney, Mark D. Gilwit, Esquire, 2101 N.W. Corporate Boulevard, Suite 104, Boca Raton, FL 33431

2. <u>Releases</u>. For and in consideration of the payment, duties, actions, obligations and releases described in Paragraph 1 and other consideration received from or on behalf of the respective Parties, the receipt, adequacy and sufficiency of which is hereby acknowledged by the Parties, including the duties and obligations imposed and accepted by Respondents described in Paragraph 1, the Parties do hereby acquit, release, satisfy, and forever discharge each other, their, its and /or his administrators, affiliates, agents, assigns, attorneys, directors, officers and shareholders, employees, divisions, executors, heirs, parent companies, partners, personal representatives, related or affiliated companies, subsidiaries, successors-in-interest, insurers, adjusters and trustees of and from all manner of action and causes of action, suits, debts, sums of money, covenants, contracts, controversies, disputes, agreements, trespasses, damages, judgments, executions, loss of use, diminished value, claims and demands whatsoever, in law or in equity, which the Parties ever had, now have or which any personal

representative, successor, heir or assign of the Parties, hereafter can, shall or may have, against the other, for, upon or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the day of these presents, including, but not limited to, any and all matters arising from any and all claims that were, or could have been, brought in that certain lawsuit styled FRANK MIELE, individually, vs. CGS & ASSOCIATES, INC., a Florida corporation, ROOF-A-CIDE ENVIRO TECHNOLOGIES, INC., a Florida corporation, and BARBARA and JOSEPH MICALI, individually brought in the 17th Judicial Circuit in and for Broward County, Florida Case No.02-015952 (13), the attendant Counterclaim which CGS & ASSOCIATES, INC. has filed against FRANK MIELE individually and brought in the 17th Judicial Circuit in and for Broward County, Florida Case No.02-015952 (13), as well as Respondents' Application for Trademark for the names "AGRI-SAN' and "ROOF-A-CIDE", and for those Actions in Opposition brought in the United States Patent and Trademark Office before the Trademark Trial and Appeal Board, Cases No. 91156315 and 91157789.

    **3.** **No Assumption of Liability.** Claimant states, and Respondents agree, that this Agreement in no way constitutes any indemnification or assumption of liability for any actions taken by or through Respondents, their heirs, assigns, agents, officers, directors, employees, sub-contractors or any other party working directly or indirectly for Respondents while using the names "Roof-a-Cide" or "Agrisan" in whole or in part.

    If it should be adjudicated, in an action whereby Respondents are sued for actions taken while using or promoting products under the name of Agrisan or Roof-a-Cide in whole or in part, then Respondents, agree to hold harmless and indemnify Claimants whereby this

Agreement conveys no liability for actions taken by Respondents at any time, but is meant only to effect relinquishment, release, and surrender of any right or claim of right, for use of the names "Agri-San" and "Roof-A-Cide" in whole or in part, and withdrawal of any claims, counterclaims, trademark applications, and/ or opposition to trademark applications, by both parties as outlined in paragraph 2 (above).

4. **Dismissal of Litigation; Covenant Not to Sue.** Upon the completion of the payment referred to in Paragraph 1 above, the Parties shall file with the Broward County Circuit Court Voluntary Dismissals with Prejudice as to each other as well as Respondents' withdrawal of their Applications for Trademarks. In exchange for the payment referred to in Paragraph 1 above, the Parties do hereby covenant that they, individually and collectively, shall not commence or maintain any suit, arbitration or any other legal proceeding or assert any claim or cause of action against the other whether at law or in equity in connection with any and all claims that were or could have been raised by the Claimants against Respondents or Respondents against Claimant. The Parties agree that the Court shall have jurisdiction over the Claimants and Respondents to enforce this Agreement.

4. **Attorneys' Fees.** Each party shall bear its own attorneys' fees and costs incurred as a result of the Litigation.

5. **No Admission of Liability.** The Parties acknowledge that the above-mentioned consideration is meant to address only those claims and allegations against each other with the exception of any claims arising against Respondents for which Claimants assume no liability. The parties agree that Claimant is not a successor in interest to or for

Respondents in any fashion and that this Agreement is meant to resolve those issues pertaining to the right to claim and use the names or products identified as "Roof-A'Cide" and "Agri-San" in whole or in part, and as further outlined herein and in paragraph 2, above.

The Parties acknowledge and agree that the receipt by the Respondents of the afore-mentioned consideration, as well as the execution of this Agreement, are not to be considered an admission of liability on the part of either party but, together, constitute a full settlement of all past, present and potential disputed claims involving any of the aforementioned matters, including, but not limited to, the Litigation, the Counterclaim, the Application and the Action in Opposition on which liability has been and is denied by both parties.

6. **Confidentiality**. The Parties hereto further acknowledge and agree that this settlement and the Agreement and its terms and conditions shall remain confidential and shall not be divulged or disclosed to any third party, absent court order, subpoena or the prior written consent of the Parties.

7. **Miscellaneous**.

a. The Parties acknowledge that this Agreement contains a full and complete agreement between them, and that there are no oral or implied agreements or understandings not specifically set forth herein. Each of the Parties acknowledges that no other party, agent or attorney of any other party, or any person, firm or other entities made any promise or representation whatsoever, express or implied, not expressly contained herein, concerning the subject matter hereof to induce the execution of this Agreement. Each of the

Parties also hereby acknowledges that it has not executed this Agreement in reliance or upon any promise, representation, or warranty not contained herein. This Agreement supersedes any prior understanding or written or oral agreements between the Parties respecting the within subject matter.

   b. This Agreement shall be binding upon and inure to the benefit of each of the Parties hereto and their respective successors, assigns and representatives. The Parties further agree that the waiver of any breach of this Agreement by any party shall not be a waiver of any subsequent breach or prior breach, and that any waiver of any provision of this Agreement must be in writing and signed by the Parties. This Agreement may only be amended or modified at any time by an instrument in writing executed by the Parties.

   c. The Parties hereby expressly acknowledge and agree that this Agreement settles all matters, claims and disputes that have been actually raised or could have been raised in the Litigation, the Counterclaim, the Application, and the Action in Opposition.

   d. This Agreement shall be enforceable and construed in accordance with the laws of the State of Florida. The venue for any action resulting from this Agreement or any dispute or breach thereof shall be in Fort Lauderdale, Broward County, Florida. In the event of any litigation or dispute under this Agreement, the prevailing Party or Parties, as the case may be, shall be entitled to an award of its costs and reasonable attorneys' fees incurred in connection with such litigation or dispute at all levels of such proceedings from the non-prevailing Party or Parties, as the case may be.

   e. In the event that any provision of this Agreement is declared by any

Court of competent jurisdiction to be void or otherwise invalid, all of the other terms, conditions and provisions of this Agreement shall remain in full force and effect to the same extent as if that part declared void or invalid had never been incorporated in this Agreement, and the remainder of this Agreement shall continue to be binding upon all Parties hereto.

      f.    The Parties have participated jointly in the negotiation and drafting of this Agreement. In the event an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by the Parties and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any of the provisions of this Agreement. This Agreement may be executed in one or more counterparts, including facsimile counterparts, each of which shall be deemed an original, but all of which together constitute the same instrument.

      **g.**    **Each of the parties whose signature appears below expressly acknowledges and agrees that they have the authority to sign and represent the person and/ or entity for whom they are signing.**

IN WITNESS WHEREOF, the Parties have hereunto set their hands and seals the day and year first above written.

Witnessed by:

_____         _____
                                                                             FRANK MIELE

_____
As to Miele

**SIGNATURES CONTINUED ON FOLLOWING PAGE**

STATE OF FLORIDA      )
                      )SS
COUNTY OF Broward     )

SWORN TO AND SUBSCRIBED BEFORE ME this 4 day of April, 2006 by Barbara Micali, the duly authorized representative of CGS & Associates, Inc. who is <u>personally known</u> to me or who has produced a Driver's License(s) as identification and who did or <u>did not take at oath.</u>

_Kimberly Musser_
Notary Public, State of Florida
Type or Print Name:

KIMBERLY S. MUSSER
MY COMMISSION #DD512972
EXPIRES: JAN 31, 2010
Bonded through 1st State Insurance

STATE OF FLORIDA      )
                      )SS
COUNTY OF Broward     )

SWORN TO AND SUBSCRIBED BEFORE ME this 4 day of April, 2006 by Barbara Micali, the duly authorized representative of Roof-A-Cide Enviro Technologies, Inc., who is <u>personally known to me</u> or who has produced a Driver's License(s) as identification and who did or <u>did not take at oath.</u>

_Kimberly Musser_
Notary Public, State of Florida
Type or Print Name:

KIMBERLY S. MUSSER
MY COMMISSION #DD512972
EXPIRES: JAN 31, 2010
Bonded through 1st State Insurance

STATE OF FLORIDA      )
                      )SS
COUNTY OF Broward     )

SWORN TO AND SUBSCRIBED BEFORE ME this 4 day of April, 2006 by Barbara Micali, who is <u>personally known to me</u> or who has produced her Driver's License as identification and who did or <u>did not take at oath.</u>

_Kimberly Musser_
Notary Public, State of Florida
Type or Print Name:

Page 10 of 11



KIMBERLY S. MUSSER
MY COMMISSION #DD512972
EXPIRES: JAN 31, 2010
Bonded through 1st State Insurance

Witnessed by:

_____
Kimberly S. Musser
As to CGS

CGS & ASSOCIATES, INC.

By: _____

_____
Kimberly S. Musser
As to Roof-A-Cide

ROOF-A-CIDE ENVIRO TECHNOLOGIES, INC.

By: _____

_____
Kimberly S. Musser
As to Joseph Micali

_____
Joseph Micali

_____
Kimberly S. Musser
As to Barbara Micali

_____
Barbara Micali

STATE OF FLORIDA      )
                      )SS
COUNTY OF BROWARD     )

SWORN TO AND SUBSCRIBED BEFORE ME this 24th day of April, 2006 by Frank Miele, who is personally known to me or who has produced his Driver's License(s) as identification and who did or did not take at oath.

_____
Notary Public, State of Florida
Type or Print Name: Kathleen Waardenburg

Page 9 of 11



KATHLEEN WAARDENBURG
MY COMMISSION # DD 161876
EXPIRES: October 29, 2006
1-800-3-NOTARY  FL Notary Service & Bonding, Inc.